and Mr. Stanley, whenever you're ready, we'll hear from you. Good morning. My name is Eric Stanley and I represent the appellant, Calvary Christian Center. We respectfully request this court reverse the district court for two reasons. First, the district court never conducted the a motion for leave to amend a complaint. And secondly, because the proposed amendment to the complaint would not have been prejudicial to the city, was not in bad faith or futile because it was offered at a very early stage of the proceeding. Let me understand the procedure here. The motion to dismiss was granted and that was not appealed timely. There was then a motion filed on December 21, which is before us. And that was the motion to file an amended complaint. That's correct. At that point in time, you agree that there was no complaint had been dismissed at that point in time. Case was closed. There was a judgment. Final judgment entered complaint dismissed. There was a final judgment. Yes, Your Honor. But the complaint, the time to appeal the granting of the motion to dismiss had expired at that point. The time to appeal had expired at that point. Yes, Your Honor. But what I think that the district court was required to do, which was as this court had made clear in the labor case and then reaffirmed in matrix capital and in cattile that either on a prejudgment motion to amend the complaint or on a post judgment motion to amend the complaint, the standards are the same. Let me ask you this just to create the issue that I have in my mind. Uh, the court throws out a complaint five years ago, 12 B six motion final and there's a final judgment and it's not appealed. Five years later, you go down to the court and you file a motion to amend that complaint. Court says, hold it. There is no complaint. Complaint was thrown out. What you have to do is to reopen that case. Five year old case, vacate the judgment and then amend the complaint, right? That's correct. And and in this case, the factual circumstances are no difference because you don't even get under 59. You get under Rule 60. You'd have to vacated under Rule 60 because you are beyond the time period 28 days and you would have to come under Rule 60 and give a reason under Rule 60 why the case should be reopened. At which point, if it is open, then you can move to amend and Rule 15 comes out. Well, respectfully, I think that that's not what the court's precedent says that I think what we what we have to do my hypothetical. Yes, your five years ago, you're saying that under our precedents, we would have to address a motion to amend a complaint that's been five years gone. Um, under our under your post judgment motion to amend. If it's five years gone, I believe that the rule 15 analysis of prejudice, bad faith and futility would still need to be undertaken. Now, I think it would be an easy case. Well, it would be an easy case in that your honor that if there was a rule 60 motion in five years to reopen the case, then I think that what the what this court has said in labor in matrix capital and in cattile is that in a post judgment motion to amend the Rule 15 analysis still must be undertaken. Now, it would be an easy case because I think that would be a prejudicial amendment. But I guess I'm having the same difficulty that I think assumes an extent complaint. Well, here we don't have one. So at least on on the on the I think it doesn't exist here. Well, and that may be getting to what the city argued in its brief. Well, this is my really, this is just my conceptual difficulty with with your argument that the complaints gone. Well, the complaint that's that's correct. It was it did become a final judgment. It's gone and it's fine. It's you're beyond the appeal period. But a post judgment motion for leave to amend can be analyzed by the district court. And this court has said that sure, the only difference between a prejudgment labor, the one you're relying on labor. Yes, Your Honor. Well, labor, we said the district court may not grant the post judgment motion unless the judgment is vacated pursuant to Rule 59 or 60. And that's what I was just gonna say. The only difference between a that's a different story. I was asking you a pointed question about whether you can file a motion to amend a complaint that has been dismissed. You said labor supports the proposition that you can. The answer is you can't issue is, have you vacated and gotten that judgment vacated so that you have a complaint before the court? And that's right. And maybe I misunderstood where you were headed with your hypothetical. But I do think that you're aware of after complaint has been dismissed and is a final judgment that you can come in under Rule 60 and file a motion under Rule 15 to amend the complaint without vacating the under Rule 60. Yes, Your Honor. In fact, the the no, I didn't ask under 60 under 15 under 15 without. In other words, no, no, no, not without it, not without a Rule 59 or Rule 60. All right, well, that's the whole issue in this case, and you never filed a rule. Well, and that's what I was going to get to your honor. We believe that we did file. We did. We filed a motion for reconsideration. Show me that in the record. That is document number 41 in the record. The way that this procedurally worked was the district court had had dismissed the complaint, and then we filed a motion for leave to amend, but the complaint which the reconsideration was to have it reconsider the motion to amend. That's correct. And we believe that that motion should be construed as a Rule 60 motion. How can it? You didn't even ask to vacate the judgment. Well, this court in in the cattile case, uh, this court, the plaintiffs there filed a motion for reconsideration, and the court construed it as a Rule 59 motion because it was a post judgment motion. The court said there is no such thing as a post judgment motion for reconsideration. And when such a motion is filed, it should be construed under either Rule 59 or Rule 60, depending upon the time frame as to which it was filed. It's within 28 days of judgment. It should be under Rule 59. If it's after that, it should be under Rule 60. In fact, this case was for reconsideration of the entry of a judgment. You're asking for reconsideration of the motion to deny the motion to amend. No, you're the only motion on the table. The cattile case was not asking for talk about in this case. In this case, that's correct. We were asking for reconsideration of the denial for motion for leave to amend, which we are. We are arguing should be. Why was the court wrong in denying the motion to amend without the motion to vacate? Well, what we're arguing is that the court should have construed our motion under for reconsideration under Rule 60 as a motion for reconsideration at post judgment motion and appoint the court to the cattile case, where in that court in that case, this court said when the plaintiffs and cattile filed a motion to for reconsideration in that case, which was construed as a motion under Rule 59 was the motion for reconsideration of the motion for reconsideration was of the decision to dismiss the Second Amendment complaint, which is not. Yeah, that's right. I mean, you you look at that. What the relief that's requested is the relief relative to the granting of the motion to dismiss, which is not which is not what you have here. Well, and you know, your honors freely admit in hindsight, I believe there are some things that we could have done to make this process a whole lot easier and a whole lot. And certainly I think just filing Judge Duncan's thing, the precedent you rely on was reconsideration of a motion to dismiss, and the court could treat that as a motion under Rule 59 or 60. But that's your motion to reconsider was not a motion to reconsider the dismissal of the complaint. Your motion was to reconsider the motion to deny the motion to amend, and the motion to amend was correctly granted. Well, the motion to amend was was was was was was correctly ruled that way. There was no complaint. Your Honor, what I it would it would require the district court to lawyer for you. You're asking the district court to understand that what you should have filed was a reconsideration of the denial of the motion to dismiss. Rather than the denial of the leave to amend, which appears to have been appropriately. Our argument in this case is that this court has made it clear in its precedent that there are post judgment motions for leave to amend that are allowed and that the standards under either Rule 59 or Rule 60 are the same once you get 15 once we get there. Exactly. And the problem is, is and I understand that, Your Honor. And I do admit that we probably it would have been a whole lot easier if we had gone back. It's it's it's appropriate to file a motion to amend if there's a complaint. Sure, if there's a complaint, there's a motion to amend. But in this case, you're saying it's proper to file a motion to amend post judgment if you file a motion to vacate the judgment. And of course, then, because the step court can do is to vacate the judgment and then to consider the Rule 15. But Rule 15 applies only to an existing complaint, doesn't it? It does, Your Honor. And what we're what we would ask this court to do is to construe the motion for leave to amend and or the motion for reconsideration as a post judgment motion under Rule 60 that we essentially what we were asking for was this. The district court had dismissed the complaint because it found insufficient facts that were pled. And what we wanted to do was to go back in and to add those sufficient facts in the complaint, which we did. Those sufficient facts are alleged in the amended complaint, which is part of the joint appendix. And so what we're what we would ask is, is that that those motions were intended to fix what the district court had found was lacking in the complaint and under the liberal amendment policy in, you know, the spirit rules. You would get an amendment at any time if you'd ask the court to amend in its motion or whatever reconsidered to allow you to mend before it became a judgment. You might have been in better shape, too. I mean, you waited, you kept waiting too long a time to do everything. I mean, it's everything was beyond time for appeal, time for Rule 59. So you're left only with Rule 60. That's correct. And Rule 60 now, you could file a Rule 60 motion now, we could consider that. But that's a, you'd have to make a case as to why do we open the original judgment. And I don't know what part of Rule 60 you'd rely on. Right. Under Rule 60, obviously it would be Rule 60 B6, which that's sort of a wild card, just sort of justice, right? It is. That's correct. And this court has made it clear in the Mayfield case and also in the Cattile case again, that the district court, when it decides such a Rule 60 motion, it need not consider the Rule 60 or the Rule 59 standards, depending upon which motion you file a Rule 60 motion in the district court. Did we file one? Our argument for this court is that we, the motion for reconsideration that we That's what we're arguing. What page is that on? The page of the, of our brief? No, reconsideration motion in the appendix. Oh, it's on document number 41, is the motion for reconsideration is page 166. I'm sorry, that's the order. The motion for reconsideration of the denial of the motion for leave to file the amended complaint. Is that right? That's correct. Which is not, that's not included in the court after judgment was entered. Did you ever make an argument? Judge, we want you to vacate this judgment. We did not state it in those specific terms other than to file the motion for reconsideration to say, Judge, we believe that your order was reconsideration. You didn't put in the appendix, you're sorry, we put the order on the motion for reconsideration in the appendix of page 166, but the motion itself is not in there. It's document number 41, and I apologize that that didn't get included. But did you cite any of the grounds under 60B? Well, we did cite to the Rule 15 standard, which this court has made clear that what, if, in a post-judgment motion for reconsideration under Rule 60B, that the no, we didn't, we didn't argue the Rule 60B-6 standards because it's not necessary. What this court has made clear in the title. The question initially was, Judge, Floyd's question is a follow-up of my question, is did you ever file a motion under Rule 60? And our argument is that the motion for reconsideration was a motion under Rule 60. What did you ask for? We asked for, that the court reconsider its motion for leave to amend, and we argued under the Labor case that the court was required to conduct a Rule 15 analysis, even under, that was what was required. But we just agreed that Labor said we'll only do that after you grant the motion for vacate. My question is, did you ever ask the court to vacate the judgment? Not in those specific terms. Well, in any terms. We believe that we did by filing the motion for reconsideration. By saying what? What did you say that required it to vacate? We said, Judge, we would respectfully request that you allow us leave to amend the complaint. That's not vacating the judgment. Well, our argument before this court is that it is, that a post-judgment motion for reconsideration should be construed as a judgment, a motion under Rule 60. There's no other. No case has held that. You have to have a complaint to file a motion. It seems to me it would be, it would benefit you a lot to read the rules carefully and see what they're addressing. And it seems to me that when your post-judgment, to apply pre-judgment rules, such as motion for discovery or motion to amend or motion to take a deposition or whatever it is, all those motions are pre-judgment. Now if you're going to do a post-judgment motion that goes back, you're going to have to open up the case somehow. And I don't know if it would be, if you think that your motion to reconsider, ask the court to vacate, then you can submit a copy of that to us, submit the sufficient forms to the clerk within five days and we'll look at it. But if it, you don't think it, if it didn't ask to vacate the judgment, then I'm not sure it's going to help much. But you're free to do that if you want to do that. It should have been in the JA. But if you're, especially since you're relying on it so heavily. All right? I understand that, thank you. Yeah. All right, Ms. Parrish. May it please the court, your honors, my name is Jennifer Parrish and I represent the city of Fredericksburg, Virginia in this appeal. It is our position that the district court did not abuse its discretion in denying the appellant's motion to amend because it was never properly before the court. And we think this is the case for four main reasons. First of all, as your honors have pointed out today, Calvary Christian failed to file any motion under either Rule 59 E or Rule 60 B at any time before filing this motion to amend, which is a mandatory prerequisite to the consideration by the district court of a motion. Secondly, the district court was not required to consider Calvary Christian's motion for leave to amend or its motion for reconsideration of the denial of its leave to amend as a Rule 59 E or Rule 60 B motion. Third, even if the court wanted to consider the motion that was filed, the motion to amend as a Rule 59 or 60 motion, the motion filed by Calvary Christian in this case didn't meet the requirements under either of those rules. And fourth, the district court is not required to provide the three pronged analysis of prejudice, bad faith and futility for a motion for leave to amend filed post judgment before the court. And if I could just now go through that standard is the Fulman versus Davis standard, and that standard applies to any motion to amend whether it's post or pre. The post judgment motion, though, only gets vitality if there's a complaint has been resurrected. That's correct. And so I'm not sure it makes any difference whether it's post or pre. If you're gonna apply Rule 15, then you have to apply the Supreme Court standard in Poland. And that is correct, Your Honor. Under Labor versus Harvey. I know that's been cited before a Fourth Circuit 2006 case at 4 38 F 3rd 404. As Your Honor pointed out, that case held that a post judgment motion for leave to amend under Rule 15 a two, which is what this motion was, cannot be granted until the judgment is vacated pursuant to Rule 59 year 60 B. In this case, I believe Calvary Christian is asking your honors to consider that the district court should have made the motion to amend on its own accord into a Rule 59 or 60 motion, which is not required by the district court and certainly is not an abuse of discretion for not occurring. There is no legal authority motion. You said the motion under Rule 15 was defective under that rule. Why is that so? We do not assert that the motion was defective under Rule 15, Your Honor. Attached a proposed complaint and they filed it. Yes, Your Honor. It's the Rule 59 or 60 motions that we say, even if the court wanted to, in its own discretion, treat the motion to amend under one of those rules, the motion filed by plaintiff didn't follow the requirements. First of all, it couldn't have been a Rule 59 motion because it was filed after 30 days after the final judgment, not within the required 28 days. The plaintiff... Basically, we have here a motion to amend, which the plaintiff wants us to construe as a 60 B motion. And the question then is, under Rule 60 B, could they get the judgment reopened if they said the right things in the context of these facts? And I'm not sure they are able to make the Rule 60 B under any case. They haven't said it. They didn't allege it. Now, he argues, Mr. Stanley argues that the motion for reconsideration said the right things for Rule 60. But I'm not sure that's so. He's going to submit a copy of it. But what's your view about that? Your Honor, we disagree that the motion for reconsideration under any circumstances could have been used by the judge as a Rule 60 B motion. That wasn't, though, exactly, you understand that that wasn't exactly the question. And I had a similar question, which is, is anything in that motion for reconsideration, does any of it, anything in that motion, go to the 60 Rule 60 factors? It does not, Your Honor. The motion for consideration, as Mr. Stanley admitted, merely requests the court to reconsideration to reconsider the denial of the motion to amend. And unlike the case that was cited by Mr. Stanley, in fact, all of the cases cited by Calvary Christian in his memoranda talk about the discretion of a district court judge in choosing, on some occasions, to treat motions to amend or other motions that are filed post-verdict, post-judgment, as a Rule 59 or 60 motion, even without it being requested. And our point in this case is, not only was it not requested by name, there was no request in either the motion to amend or the motion for reconsideration of denial of the motion to amend for the type of relief that you can get under Rule 60. There was no analysis of any of the factors of Rule 60. There was no request for... These rules are not just traps for lawyers. They are to create an orderly disposition, to create some finality, an orderly disposition of cases. And I suppose if he really is aggrieved, he could still, even today, file a Rule 60 motion. We have that rule there to catch errors, usually, and maybe if the law changes significantly, he could take advantage of that under Rule 60. But all of these rules have a purpose, and it seems to me that if he lets his dismissal go by and become a final judgment, not even subject to Rule 59, then we're in a state where the case is over. And for him to come back now, it seems to me, he has to make a case that we need to reopen this case because of a lack of some kind of justice or something. And maybe he has that case, but he hasn't alleged it in district court unless his motion says so, and he's going to provide us with a copy of that. And for us to construe it as such is pretty hard if he hasn't made the case. We agree, Your Honor, and in this case what Calvary Christian is asking this court to find in order to grant the relief he's requesting is to find that it was an abuse of discretion for the district court in this case not to have looked at the motion to amend or the motion to reconsider the denial of motion to amend under Rule 60, even though that request was never requested. And under a broad reading of what the plaintiff is arguing, as Your Honor pointed out, he could have filed yesterday in the district court a Rule 60 motion. You can do it next week. You can do it next week. But the standards get more difficult. I think after a year, isn't there some additional restriction? Yes, Your Honor, just very briefly, we will file the motion for reconsideration that we filed in the district court that is part of the docket. We'll do that within five days so that the court can take a look at it. I understand that. I will represent to the court that what we did argue in that motion was under the Rule 15 standard that the motion for leave to amend should have been granted, that the court should have conducted an analysis of prejudice, bad faith or futility. That's the Foman v. Davis under Rule 15. That's correct, Your Honor. And just to we would ask this court to construe that motion for reconsideration as a motion under Rule 60B. Essentially, what we were asking for at that point. You have to address that to the district court first, right? That's correct. And we believe that... I must say, I looked at your complaint and I'm not sure you gain a lot of mileage. The district court threw it out for a bunch of reasons and you may want to examine that a little more carefully before you expend a lot of judicial effort in pursuing this further. But your standard is going to be very high with a 60 motion at this point in time and you may want to look and see why, understand why the district court found your complaint deficient. Because I'm not sure you get by what the court originally thought was the reason. I understand that, Your Honor. I think at this point what we were attempting to do was we got the district court's decision which said that the case was dismissed for insufficient facts under the ADA and the Rehab Act claim, under the Relief Act claim, that there were insufficient facts that were pleaded. And so we attempted to go back and add those sufficient facts into the complaint. And we believe that should be... The question is whether they're legally sufficient. That's correct. And I think that's an issue that the district court could decide again if it looks at the amended complaint, if it's ever accepted. Well, you ought to look at it before you spend a lot of time, I think. I understand what Your Honor is saying. I think that, just to sum up, my main argument is that what we were driving at in the Rule 15 motion and in the motion for reconsideration is for the district court to reopen the case to allow us to plead the sufficient facts that the district court found were not there. Did you use the word reopen? I don't believe we used the word reopen. We did ask for the district court to allow us to file an amended complaint. And I would submit that... I mean, it's no different for you to make that motion now than making ten years hence. I understand. And to make a motion to say I want to go back and amend my ten-year-old complaint, most people would say, hold it. We have some rules of finality. That's exactly right. And I will freely admit, Your Honor, that it would have been a whole lot easier for us, certainly, if we had said, under Rule 60, this is what we want to do and reopen the case. That would have made this a whole lot easier. But I guess the question is... What grounds under Rule 60 would you have alleged, looking back? Well, under Rule 60, we would have alleged that there is no prejudice, it's not in bad faith, and it's not futile. Which this court has said... Why open it? Right. This court has said that under Rule... That's the amendment rule. That's... Foman v. Davis said, you've got to freely grant motions to amend. But we're talking about a final judgment, opening it. Right. And Judge Floyd's question is, what would you have said as to a reason to reopen the case? Now, it's finally closed and you didn't appeal it. Which, what we were proceeding under was this court's precedent in the Cattile case, which says that under... If the district court is presented with a Rule 59 or a Rule 60 motion, it need not decide the motion if it's going to... If it's under Rule 59 or 60 for Rule 15. It would really be helpful for me. I've been wanting to get an answer to Judge Floyd's question because I think it's a good one. If you were, if you were to have filed the Rule 60B, what would have been the grounds for reopening? And I'm trying to answer the question by saying that what would have been the grounds would have been what this court said in Cattile, which is that you don't look at the Rule 60 grounds. If you're deciding whether a post-judgment motion for leave to amend should be filed, you look at Rule 15. It said the court dispenses with the Rule 59 and Rule 60 standard and just decides a post-judgment leave to amend under Rule 15. That is what we said in labor. That's what the court said in Cattile, which is in 2011. It said in deciding a post-judgment motion for leave to amend... What's the citation there? The citation is on, in the Cattile case, it is 637F3rd at pages 470 to 471. The court said the court need only ask whether the amendment should be granted just as it would on a pre-judgment motion to amend evaluating for prejudice, bad faith or futility. Well, that's the standard for whether you, what did they say about Rule 59? What they said was that under Rule, that you dispense with the Rule 59 and Rule 60 standard in deciding a post-judgment motion for leave to amend and that you decide it under Rule 15. Thank you. Okay, thank you. We'll come down to Greek Council and take a short recess. This Honorable Court will take a short recess. Thank you.
judges: Paul V. Niemeyer, Allyson K. Duncan, Henry F. Floyd